# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DENNIS MAURICE ROBERSON,      )
AIS # 278794,               )
                         )
   Petitioner,          )
                         )
vs.                   )CIVIL ACTION NO.1:23-cv-12-KD-B
                         )
JOSEPH HEADLEY,[1]       )
                         )
   Respondent.          )

## REPORT AND RECOMMENDATION

Dennis Maurice Roberson, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 9). The case was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corrections, 377 F.3d

---

[1] The Clerk of Court is **DIRECTED** to terminate Adrienne Givens as defendant/respondent in this action, and to substitute Joseph Headley as defendant/respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online inmate directory shows that Roberson is currently incarcerated at Staton Correctional Facility, where Joseph Headley is acting as Warden. See www.doc.state.al.us/Inmateinfo (last visited June 5, 2023).

1317 (11th Cir. 2004).  Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations and the doctrines of exhaustion and procedural default.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Burglary Conviction and Ensuing Probation

In 2011, Dennis Maurice Roberson pleaded guilty to first degree burglary in the Circuit Court of Mobile County, Alabama. (Doc. 14-2).  He was sentenced to twenty years of imprisonment in the state penitentiary. (Doc. 14-3).  The court suspended seventeen years of the sentence and ordered Roberson to serve three years in prison followed by three years of supervised probation.  (Doc. 14-3).  Roberson did not appeal his conviction or his sentence.  In December 2013, the court modified Roberson's sentence and allowed him to complete his remaining incarceration through a diversion program.  (Doc. 14-4).  Roberson started probation in January 2014. (Doc. 14-8 at 19).

### B.    Probation Revocation

By late 2015, Roberson was back in court facing revocation of his probation for allegedly engaging in new criminal conduct, failing multiple drug tests, and failing to pay his supervision fees.  (Doc. 14-8 at 19).  On November 4, 2015, the court revoked

2

Roberson's probation and ordered him to serve the remainder of his twenty-year sentence of incarceration. (Doc. 14-6).

Roberson timely appealed the revocation order. (Doc. 14-7; Doc. 14-8 at 23). On appeal, Roberson's court-appointed attorney filed a brief in compliance with Anders v. California, 386 U.S. 738 (1967), where he stated that "[a]fter a conscientious examination of the record there does not appear to be any meritorious issues for the [Alabama Court of Criminal Appeals] to consider."[2] (Doc. 14-9 at 7). Roberson was given an opportunity to file, on a *pro se* basis, any issues he wanted the Alabama Court of Criminal Appeals to consider. The appellate docket reflects that Roberson did so. (Doc. 14-7).

On March 4, 2016, the Alabama Court of Criminal Appeals affirmed the trial court's order revoking Roberson's probation, and found that Roberson's challenges to the sufficiency of the evidence at his revocation hearing were not properly preserved for review on appeal. (Doc. 14-10 at 3). The appellate court also reviewed the record itself and "found no error harmful to Roberson's rights." (Doc. 14-10 at 3). Roberson filed an application for hearing,

---

[2] This process, known as the "*Anders* Procedure", provides a means for a court-appointed attorney to fulfill her obligation to represent an indigent client while simultaneously meeting her ethical obligations to the Court to raise only nonfrivolous issues. See U.S. v. Williams, 29 F.4th 1306, n. 2 (11th Cir. 2022) (summarizing Anders, 386 U.S. at 744).

which the Alabama Court of Criminal Appeals denied.  (Doc. 14-11; Doc. 14-12 at 9).

Next, Roberson petitioned the Alabama Supreme Court for a writ of certiorari, again challenging the legality of his revocation hearing.  (Doc. 14-12).  The Alabama Supreme Court summarily denied the writ on June 10, 2016.  (Doc. 14-13).

### C. **Postconviction Proceedings**

Almost two years later, on June 8, 2018, Roberson filed a "Motion for Sentence Modification" in the Circuit Court of Mobile County, Alabama, which the court treated as a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  (Doc. 14-15; Doc. 14-17).  Roberson's claims in that filing are murky, but it appears that he raised two main issues: (1) the legality of his 2011 plea agreement on the grounds that the trial judge did not sign it and (2) the effectiveness of his counsel at the plea stage.  (Doc. 14-15).  The State of Alabama opposed the petition on the grounds that it was time barred and unmeritorious.  (Doc. 14-16).  The court agreed and dismissed the petition on September 19, 2018.  (Doc. 14-17).  Roberson did not take any further action for several years.

Nearly three years after the dismissal of Roberson's first Rule 32 petition, he filed a Petition for Writ of Mandamus with the Alabama Supreme Court on September 20, 2021.  (Doc. 14-18).  As

4

best the Court can discern, Roberson raised four issues, namely that (1) he as not given proper notice of the charges against him or a legally-sufficient hearing during his probation revocation proceedings; (2) that he originally pled guilty to a fifteen-year sentence of incarceration but was somehow given a twenty-year sentence; (3) that his twenty-year sentence of incarceration exceeded the limits of Alabama law (Ala. Code § 15-18-8); and (4) that he was subjected to double jeopardy when his probation was revoked and his sentence of incarceration was reinstated. (Doc. 14-18 at 1-11). The Alabama Supreme Court determined Roberson's petition was within the original appellate jurisdiction of the Alabama Court of Criminal Appeals under Ala. Code § 12-3-9 and transferred the case to that court on October 5, 2021. (Doc. 14-19). It is not clear, based upon the record before this Court, whether that proceeding has concluded or is still pending. However, however, for the reasons detailed below, the status of that proceeding has no effect on the resolution of this case.

Around the same time that the Alabama Supreme Court sent his Petition for Writ of Mandamus to the Alabama Court of Criminal Appeals, Roberson filed a new Rule 32 petition in the state circuit court. (Doc. 14-21, filed October 15, 2021). The allegations in Roberson's new Rule 32 petition—his second—largely mirrored those in the mandamus petition he had filed in the Alabama Supreme Court.

(Doc. 14-21).  On the Rule 32 form petition, he checked the boxes for constitutional violations, lack of jurisdiction, and illegal sentence.  (Doc. 14-21 at 4).  In the narrative accompanying his Rule 32 form, Roberson reiterated his prior complaints about the probation revocation proceedings, the alleged errors in his sentencing, and double jeopardy.  (Doc. 14-21 at 8-25).  The state circuit court dismissed the Rule 32 petition on March 24, 2022.  (Doc. 14-23).  It appears from the record that Roberson appealed this ruling to the Alabama Court of Criminal Appeals, but his appeal was dismissed on July 7, 2022, for failing to pay the requisite docket fee or obtain leave to appeal *in forma pauperis*.  (Doc. 14-24).  There is nothing in the record before this Court suggesting that Roberson sought further review of the denial of his second Rule 32 petition.

On October 3, 2022, Roberson filed what he labeled a "Collateral Attack" in the Alabama Court of Criminal Appeals.  (Doc. 14-25).  The allegations in that filing include (1) that Roberson never received his *Miranda* warnings, (2) that the criminal complaint was invalid because it was not accompanied by an affidavit; (3) that he was never served with the "initial appearance" documents for his case; and (4) that the grand jury was "without power" to act.  (Doc. 14-25).  It appears that the Alabama Court of Criminal Appeals ACCA construed the filing as a petition

for writ of habeas corpus and issued an order directing Roberson to serve a copy of the petition on the state circuit court judge. (See Doc. 14-26). When Roberson failed to do so, the Alabama Court of Criminal Appeals dismissed the petition on December 9, 2022. (Doc. 14-26).

During this timeframe, Roberson had also filed the instant habeas petition in this Court.[3] (Doc. 1). His petition asserts five vague and conclusory reasons he contends that he is entitled to habeas relief:

**Ground One:** Roberson was not read his "federal rights" during his arrest and detention.[4]

**Ground Two:** The criminal complaint against Roberson was invalid because it was not accompanied by an affidavit.

**Ground Three:** Roberson was never served with a copy of the criminal complaint, affidavit, or "initial appearance documents".

**Ground Four:** "The grand jury were without power to evade these fourth 4th[sic] Amendment requirements."

**Ground Five:** Roberson has suffered an "illegal sentence" and "double sentencing" by way of the trial court's revocation of his probation.

(Doc. 9).

Respondent asserts that Roberson's habeas petition is beyond

---

[3] Roberson originally filed his petition in the United States District Court for the Middle District of Alabama on November 21, 2022. (Doc. 1). The case was transferred to this Court on January 5, 2023. (Doc. 3).

[4] The Court construes this claim to be one arising from the United States Supreme Court's ruling in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which requires that a suspect be informed of his federal constitutional rights before being subjected to custodial interrogation.

the one-year period of limitation in 28 U.S.C. § 2244(d) and should therefore be dismissed as untimely. (Doc. 14). Respondent also argues that Roberson's claims are unexhausted and procedurally defaulted, which Respondent says are further grounds for dismissing the petition. (Doc. 14). For the reasons set forth herein, the undersigned agrees and recommends that Roberson's petition be dismissed because it is untimely, unexhausted, and procedurally defaulted.

## II. **ANALYSIS**

A. **The habeas corpus petition is untimely and should therefore be dismissed**.

Roberson's habeas corpus petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of Section 2254 petitions. 28 U.S.C. § 2244(d)(1). That limitations period begins to run from the latest of four events:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim
          or claims presented could have been discovered
          through the exercise of due diligence.

Id. Subsection (A) controls here. Roberson does not allege, nor does the record indicate, that any state action prevented him from filing a federal habeas action.  Nor does Roberson argue that he is asserting a newly recognized constitutional right, or that he was prevented from discovering the factual basis for his claims. Thus, subpart (A) controls.  Under this subpart, the statute of limitations on Roberson's habeas claims began to run when the "judgment" against him "became final" either "by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The next question then is when did the judgment become final.

Respondent contends that the statute of limitations started to run on August 5, 2011, when Roberson's underlying burglary conviction became final.  (Doc. 14 at 8).  However, under the circumstances of this case, the proper starting point is not the date of the underlying judgment of conviction, but rather the date an order was entered revoking Roberson's probation.

As the Eleventh Circuit Court of Appeals has explained:

"[T]he writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. The judgment to which AEDPA refers is the underlying conviction and *most recent* sentence that authorizes the

petitioner's current detention.

Green v. Price, 439 F.App'x 777, 782-83 (11th Cir. 2011) (quoting Ferreira v. Sec'y, Dep't of Corrections, 494 F.3d 1286, 1293 (11th Cir. 2007)) (emphasis in original).   In cases where a habeas challenge is made to a sentence that was reimposed after a probation revocation, the focus is on the order revoking the probation and reimposing the sentence.   Id. at 783.   Under this reasoning, the timeliness of Roberson's habeas petition must be evaluated based on when the state circuit court's revocation order became final. See also Tilley v. Estes, 2016 U.S. Dist. LEXIS 159364, 2016 WL 6804934 (S.D. Ala. June 28, 2016).

Roberson's probation was revoked on November 4, 2015.  (Doc. 14-6).  He timely appealed the order of revocation, and the Alabama Court of Criminal Appeals affirmed the revocation on March 4, 2016. (Doc. 14-10).  Roberson then filed an application for rehearing in the Alabama Court of Criminal Appeals that was overruled on March 25, 2016.  (Doc. 14-12 at 9).  The Alabama Supreme Court denied Roberson's petition for writ of certiorari and certified its judgment on June 10, 2016.  (Doc. 14-13).  Nothing in the record suggests Roberson sought review from the United States Supreme Court.  Thus, the judgment revoking Roberson's probation and reimposing his sentence of incarceration became final on September 8, 2016, upon the expiration of the ninety-day period in which he

could have filed a petition for writ of certiorari with the United States Supreme Court.  See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).

Since the judgment became final on September 8, 2016, Roberson had until September 8, 2017—one year later—to file a timely habeas petition.  He did not file the instant habeas petition until more than five years later, on November 21, 2022.  On its face, Roberson's petition is time barred unless he is eligible for some form of tolling.  Three options exist: statutory tolling, equitable tolling, or tolling based on actual innocence or a miscarriage of justice.  Based on this Court's review of the record and the parties' filings, Roberson is not entitled to any of the three.

### i.  **Roberson is not entitled to statutory tolling**.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for postconviction relief.  See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  The Eleventh Circuit Court of Appeals has instructed that "even 'properly filed' state court petitions must be 'pending' [during the one-year limitations period] in order to toll the limitations period." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Although Roberson did file several postconviction motions in the Alabama state courts, none of those motions were *pending* during the running of the AEDPA

limitations period; therefore, they did not toll the statute of limitations.

Roberson's first postconviction filing—the motion for sentence modification that the state court docketed as a Rule 32 petition—was not filed until June 8, 2018, more than a year after the AEDPA statute of limitations expired. (Doc. 14-14; Doc. 14-15). Likewise, Roberson's mandamus petition to the Alabama Supreme Court (Doc. 14-18, filed September 20, 2021); his second Rule 32 petition (Doc. 14-21, filed October 15, 2021), and his "Collateral Attack" filed in the ACCA (Doc. 14-25, filed October 3, 2022) were all filed *after* the statute of limitations expired in September 2017. Since those applications for state review were filed after the AEDPA limitations period expired, they did not reset the limitations period. Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."). Statutory tolling does not save Roberson's untimely habeas petition.

**ii.  Roberson is not entitled to equitable tolling.**

Although Roberson is not entitled to statutory tolling, his

claims might survive if his circumstances support equitable tolling. To show a right to equitable tolling, Roberson would need to demonstrate diligence and some extraordinary circumstance that prevented him from timely filing his federal habeas petition. Holland v. State of Florida, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

Roberson has not made any argument for equitable tolling, and nothing in the record supports it. The record is devoid of any extraordinary circumstance that stood in the way of Roberson challenging his conviction or revocation in a timely habeas petition. Roberson attempts to excuse the untimeliness of his petition by declaring in a conclusory fashion that subject matter jurisdiction may be challenged at any time. (Doc. 9 at 11). He also refers to "Rule 4" and some alleged exhaustion requirement "under the United States Constitution." These conclusory assertions do not suffice to establish equitable tolling. Furthermore, there is nothing in the record that calls the state circuit court's subject matter jurisdiction into question, or that warrants equitable tolling of the limitations period.

### iii. Roberson is not entitled to tolling based on the miscarriage of justice/actual innocence exception.

A final way that Roberson's late habeas petition could be excused is through a showing of a miscarriage of justice or actual innocence. To qualify for this exception, Roberson would have to put forth new and credible evidence showing "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." McQuiggin v. Perkins, 569 U.S. 383, 399, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). Roberson has not asserted, nor does the record suggest, that Roberson is innocent of the burglary underlying his conviction. Accordingly, Roberson is not entitled to equitable tolling.

**B.** **Alternatively, Roberson's habeas claims are unexhausted and procedurally defaulted**.

In addition to arguing that Roberson's habeas petition is time-barred, Respondent asserts Roberson's petition must be dismissed because he failed to properly exhausted his claims before the Alabama state courts and, in addition, the claims are procedurally defaulted. This Court agrees.

It is well-settled that a state prisoner is required to exhaust his state remedies before a federal court may entertain his habeas petition. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). This means that federal habeas claims must have been "fairly presented" to the appropriate state courts before they are properly before a federal court. McNair v. Campbell, 416

F.3d 1291, 1302 (11th Cir. 2005) (citing Picard, 404 U.S. at 275).
The claims do not have to be verbatim replicas of each other in
state court and federal court, but they must be similar such that
a "reasonable reader" would find the same claims had been offered.
Id. at 1302 (quoting Kelley v. Sec'y for Dept. of Corr., 377 F.3d
1317, 1344-45 (11th Cir. 2004)).

Exhaustion requires giving the state courts "one full
opportunity to resolve any constitutional issues by invoking one
complete round of the State's established appellate review
process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct.
1728, 144 L.Ed.2d 1 (1999). In Alabama, the established appellate
review process includes an appeal to the Alabama Court of Criminal
Appeals, an application for rehearing to the Alabama Court of
Criminal Appeals, and an application for discretionary review by
the Alabama Supreme Court. See Price v. Warden, Att'y Gen. of
Ala., 701 F.App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala.
R. App. P. 4, 39, 40.

Hand in hand with the exhaustion requirement is the doctrine
of procedural default. As recently explained in this district:

> "If a petitioner fails to raise his federal claim to the
> state court at the time and in the manner dictated by
> the state's procedural rules, the state court can decide
> the claim is not entitled to a review on the merits,
> *i.e.*, 'the petitioner will have procedurally defaulted
> on that claim.'" "Stated differently, exhaustion for
> purposes of federal habeas review means not only seeking

to fruition all available state remedies *but doing so in compliance with the state procedural rules*."

Burrell v. Langham, 2022 U.S. Dist. LEXIS 135091, 2022 WL 3023243, at *4-5 (S.D. Ala. Apr. 15, 2022) (citation omitted) (emphasis in original).

Roberson has not fully and fairly presented his habeas claims to the Alabama courts by invoking a complete round of Alabama's appellate review process.  As noted supra, Roberson's petition raises five grounds for relief: (1) that he was not read his "federal rights" during his arrest and detention; (2) that the criminal complaint against him is invalid because it was not accompanied by an affidavit; (3) that he was never served with a copy of the criminal complaint, affidavit, or "initial appearance documents"; (4) that the grand jury somehow violated his unidentified rights under the Fourth Amendment; and (5) that he has suffered an "illegal sentence" and "double sentencing" by way of the state circuit court's revocation of his probation.  (Doc. 9). While these claims have all been raised in some form before the Alabama courts, they have not been exhausted.

As to Claims 1-4, Roberson raised these issues in his pleading labeled "Collateral Attack" that he filed in the Alabama Court of Criminal Appeals on October 3, 2022.[5]  (Doc. 14-25).  Just as he

---

[5] Respondent asserts that Claims 1-4 were never raised before the state courts in any context.  (Doc. 14, p. 10).  However, a careful review of the record reflects otherwise. In the "Collateral Attack" pleading that Roberson filed in

does here, Roberson claimed that he never received his *Miranda* warnings when he was arrested, that his criminal complaint did not include an affidavit, that he was never served with the "initial appearance" documents in his case, and that the grand jury somehow exceeded its power. (Doc. 14-25). The Alabama Court of Criminal Appeals dismissed Roberson's filing because he failed to serve it on the state circuit court judge. (Doc. 14-26). The record does not suggest Roberson ever attempted to refile or otherwise correct the error, nor is there any evidence he filed an application for reconsideration or sought review in the Alabama Supreme Court. Thus, these claims are unexhausted.[6]

As for the fifth claim—that he was subjected to double jeopardy when his probation was revoked—Roberson has raised it at least twice. First, he raised it in his Petition for Writ of Mandamus that the Alabama Supreme Court transferred to the Alabama Court of Criminal Appeals in October 2021. (Doc. 14-18; Doc. 14-19). Then, he raised it a second time in his Rule 32 petition that the state circuit court dismissed on March 24, 2022. (Doc. 14-23). Roberson appealed this decision to the Alabama Court of Criminal Appeals

---

the Alabama Court of Criminal Appeals, he raised these exact issues. (Doc. 14-25).

[6] Furthermore, the sparse and conclusory nature of Roberson's "Collateral Attack" document, which fails to provide any legal or factual support for his claims, even if it had been properly served, likely does not meet the requirement that those claims were "fairly presented" to the Alabama state courts. See McNair, 416 F.3d at 1303 (the exhaustion doctrine requires that a petitioner "do more than scatter some makeshift needles in the haystack of the state court record").

ACCA, but his appeal was dismissed after he failed to pay the docket fee or demonstrate his right to appeal *in forma pauperis*. (Doc. 14-24). Again, the record is devoid of any suggestion that Roberson attempted to correct the error, file an application for rehearing, or seek review in the Alabama Supreme Court. Roberson's double jeopardy claim, like his others, was simply never "fairly presented" to the Alabama Court of Criminal Appeals or the Alabama Supreme Court. Therefore, the claim is unexhausted.

Not only are Roberson's claims unexhausted, but they are also procedurally defaulted because any attempt to raise them now in the Alabama state courts would be futile. Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.") (citation omitted).

There are at least two reasons why Roberson's efforts to raise his habeas claims in a state court postconviction proceeding would now be futile: (1) the claims are untimely under Alabama Rule of Criminal Procedure 32.2(c) and (2) they are barred under Alabama Rule of Criminal Procedure 32.2(b)'s prohibition against successive petitions.

For starters, Roberson's constitutional claims would be untimely under Alabama Rule of Criminal Procedure 32.2(c). In cases like Roberson's, where the judgment of conviction was not directly appealed to the Alabama Court of Criminal Appeals, a Rule 32 petition challenging that conviction must be filed within one year after the time for filing a direct appeal expires. For Roberson, that was more than ten years ago. Thus, if Roberson tried to bring his claims in a Rule 32 proceeding now, they would be untimely. Moreover, because Roberson already filed one Rule 32 petition without raising these claims, any new Rule 32 filing would be dismissed as an improperly filed "successive petition". See Doc. 14-21; Ala. R. Crim. P. 32.2(b) ("If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule.").

There are two ways a petitioner can overcome a procedural default. First, defaulted claims can be reviewed if a petitioner can show cause for the default and resulting prejudice. Murray v. Carrier, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986). Second, in an extraordinary case, a federal court may consider a procedurally defaulted claim where a fundamental miscarriage of justice has "probably resulted in the conviction of

one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (citation omitted). Roberson has not offered a single excuse for his failure to raise his constitutional claims on direct appeal (as to Claims 1-4) or in his first Rule 32 petition (as to all claims). Nor does the Court find any justification in the record for Roberson's delay, or any risk of prejudice or a fundamental miscarriage of justice in the default of Roberson's claims. Accordingly, these exceptions do not save Roberson's defaulted claims.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists could not conclude either that this Court is in error in denying the instant petition or that Roberson should be allowed to proceed further. Accordingly, the undersigned submits that Roberson is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned recommends that Roberson's petition for writ of habeas corpus be **DENIED,** that this action be **DISMISSED with prejudice,** and that judgment be entered in favor of Respondent Joseph Headley and against

21

Petitioner Dennis Maurice Roberson.  It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

DONE this **6th** day of **June, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**